# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60440
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVE MORRIS, III,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-29

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Steve Morris, III, appeals the district court's denial of his motion to revoke the magistrate judge's detention order. He argues that the facts do not support a finding that he is either a flight risk or a danger to the community.

This court will uphold a district court's pretrial detention order if it is supported by the proceedings below, a deferential standard of review that this court equates to an abuse of discretion standard. *United States v. Rueben*, 974

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

F.2d 580, 586 (5th Cir. 1992).  A judicial officer may order a defendant detained pending trial if he finds by a preponderance of the evidence that "no condition or combination of conditions will reasonably assure the appearance of the person," or by clear and convincing evidence that "no condition of combination of conditions will reasonably assure . . . the safety of any other person and the community."  18 U.S.C. § 3142(e); *see United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985).  As Morris concedes, a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community" applies to him.  *See* § 3142(e)(3)(A).

The record evidence supports the district court's affirmance of the detention order.  *See* § 3142(g); *Rueben*, 974 F.2d at 586.  Morris has been charged pursuant to 21 U.S.C. §§ 841, 846 with conspiracy to distribute and dispense controlled substances and 56 counts of distributing and dispensing controlled substances outside the scope of professional practice, and he faces very lengthy maximum sentences if convicted.  The Government has substantial evidence against Morris, including 22 visits to Morris's clinic by two confidential informants and two undercover agents, showing that Morris conducted cursory or no physical examinations prior to providing the prescriptions and provided no follow-up treatment.  Morris has overseas ties to Thailand as his wife and child live there, he travels there twice a year, and he regularly sends money to Thailand.  He has no ties to the Southern District of Mississippi other than his clinic; he has a permanent residence in Tampa, Florida; he owns an apartment in New Orleans, Louisiana, and keeps at least one other apartment there; and his primary place of employment is in Arizona. The Government identified at least 19 bank accounts to which he is a signatory and his cash deposits exceed his reported income.  Although he has

2

No. 15-60440

surrendered his passport, that does not preclude his ability to flee given his resources.

In addition to a flight risk, the record supports a finding of danger to the community. Morris is charged with improperly distributing prescription drugs, and he has a disciplinary history with the Mississippi Medical Review Board that includes noncompliance with a consent order barring him from prescribing weight loss medication. *See e.g., Rueben*, 974 F.2d at 586 (noting that the risk of continued trafficking of narcotics constitutes a risk to the community).

The evidence supports the district court's determination that no condition or combination of conditions of release would assure Morris's appearance and the safety of the community if he is released pending trial. *See Rueben*, 974 F.2d at 586; *Hare*, 873 F.2d at 798. Morris has failed to overcome the presumption and he has not shown that the district court abused its discretion in affirming the detention order. *See Rueben*, 974 F.2d at 586.

AFFIRMED.